JAMES NEIGHBORS, assignee of J. SANDERS and wife ELIZA-BETH v. ALLEN JORDAN, Adm'r. of LEN. HUTSON.

In a suit to recover a distributive share in an intestate's estate, it is not necessary to prove that the person paying such share to the agent of the distributee was, at the time, rightful Administrator; and evidence to prove that such person paid the distribute share to the agent, is clearly admissible.

Civil action, (commenced by *capias* in June, 1866,) tried before his Honor, *Judge Tourgee*, at the Fall Term, 1873, of the Superior Court of Randolph county.

John Sanders and wife, Elizabeth, assigned by deed all the right of the said Elizabeth to a distributive share in her father's estate, (one-fifth thereof,) to the plaintiff, reciting in the deed that they had theretofore made Len. Hutson, the intestate of the defendant, their attorney, to collect such distributive share, and alleging that he did collect it and failed to pay it over.

On the trial below, the plaintiff submitted to a non-suit, because of the rejection of certain evidence offered by him, and appealed.

The evidence, exceptions and rulings of the Court below, are fully set out in the opinion of Justice BYNUM.

*L. M. Scott*, for appellant.
*McCorkle & Bailey*, and *Dillard* and *Gilmer*, contra.

BYNUM, J. This was an action on the case begun prior to the C. C. P., to recover from the defendant, as administrator of Leonard Hutson, deceased, the distributive share of one Elizabeth Sanders, to wit: one-fifth part of the estate of her father, John Hutson, which the plaintiff alleged had been collected by the intestate of the defendant, under a power of attorney from said Elizabeth, and which she had assigned by deed to the plaintiff.

It will not be necessary to notice all the exceptions taken by the plaintiff on the trial, as his Honor's ruling upon two of them will entitle the plaintiff to a *venire de novo*.

1. After proving the deed of assignment to the plaintiff, one Sanders was introduced as a witness, and plaintiff offered to prove by him that he was the administrator of John Hutson, and as such paid over to Len. Hutson, in 18—, the distributive share of John Sanders and wife, in the estate of John Hutson. This evidence was objected to and ruled out by the Court.

2. The plaintiff then offered to prove by the same witness that he paid a certain sum of money to the said Len. Hutson, to wit: $72.59, for Elizabeth Sanders, her distributive share in

John Hutson's estate. This evidence was also ruled out, on objection by defendant.

1. First exception. It was not material to the plaintiff's recovery that he should establish any legal administration in Sanders, for an *executor de son tort*, is one who intermeddles with an estate, and when he thus becomes an executor of his own wrong, he is affected with all the liabilities and can perform all the legal duties of a rightful administrator. He can, and must pay the debts of the estate, and he becomes liable for all legacies or distributive shares, and can be sued for them. So, he is protected by law in all payments made, or legacies discharged by him, in the rightful course of administration, in all cases where the assets are sufficient to pay all the debts. 1 Williams on Executors, 237 and 238.

It was, therefore, necessary only for the plaintiff to prove by the witness, Sanders, that he took the estate in possession and paid over to Len. Hutson, the agent of Mrs. Sanders, the share which was due to her. If Hutson, who, it is admitted, was duly empowered to receive it, did receive her distributive share from Sanders, as administrator, it was immaterial whether he was the administrator or was *executor de son tort*, or was neither. The true enquiry was, did Len. Hutson, the agent, receive the distributive share of Mrs. Sanders, *as her distributive share* in John Hutson's estate, from anybody? If so, surely that agent is bound to pay it over to the rightful owner, and is estopped from contesting the authority of Sanders to pay him. If the plaintiff elects to hold the agent liable, as having rightfully received the share which was due him, the defendant cannot escape by such an evasion. If Sanders, as *executor de son tort*, had been sued for her share of the estate, by Mrs. Sanders, he could have successfully defended himself by showing that he had paid it to her agent. So if the rightful administrator had been sued, he could defend by showing that she or her agent had received her distributive share of the estate out of the assets of the estate, from one who was, at the time, *executor de son tort*. This results from the rule that the latter

NEIGHBORS, Assignee, *v.* JORDAN, Adm'r.

person is protected in all acts, not for his own benefit, which a rightful executor may do.   1 Williams' Ex., 232 and 233.

2. Second exception.   It was certainly competent for the witness to prove that he paid Len. Hutson, the agent, a certain sum of money, in satisfaction of the distributive share.   It was evidence, to pass for what it was worth, and in connection with the proof involved in the first exception, which we have just discussed, it was sufficient to make out the case, provided a demand had been shown.   The plaintiff may establish a demand on another trial; without it, he cannot recover.

His Honor seems to have been misled by the counsel of the plaintiff, who were themselves misled by the idea that their recovery depended upon showing a rightful administration in Sanders, whereas that fact was not in issue, and not necessary to be proved, but was collateral to the real question, to wit: whether the intestate of the defendant, as agent, had collected the share due the plaintiff.   If he had, he has no right to retain it, as against the true owner.

There is error.

PER CURIAM.                              *Venire de novo.*